**Richard C. APPLING et al., Appellants,**

**v.**

**R. B. JAY et al., Appellees.**

**No. 7614.**

Court of Civil Appeals of Texas.

Texarkana.

May 4, 1965.

Rehearing Denied June 8, 1965.

Overton Banks, Houston, for appellants.

Franklin Jones, Scott Baldwin, Jones, Jones & Baldwin, Edward L. Peteet, Marshall, Wm. Hurwitz & Fred Erisman, Longview, for appellees.

CHADICK, Chief Justice.

Under the pleadings and proof the trial court was obliged to order a trustee to make an accounting and to ascertain the beneficiaries of a trust declaration, together with the interest each beneficiary or his legal representative should take when the trust is executed and trust property is distributed. The judgment of the trial court is reversed and the case is remanded with instructions.

The trustor, W. T. Cock, in a trust declaration dated April 12, 1957, established two separate trusts known in this record as Trust No. 1 and Trust No. 2. No issue is raised in this appeal concerning Trust No. 2, and what is said here has no direct application to it. The trust was made irrevocable by the declaration, and sixteen kinsmen of the settlor were named as beneficiaries. This, the original trust declaration of April 12, 1957, was amended by judgment in a suit brought for that purpose in the District Court of Harrison County on May 17, 1958; the kinsmen beneficiaries or their privies participated as parties in that proceeding. The declaration as amended by judgment continued in effect the general purposes and provisions of the original but included the following paragraph, referred to in this record as Paragraph I(h), to-wit:

"In respect to the properties and assets in Trust No. 1, W. T. Cock, grantor herein, retains the right at any time prior to his death, by instrument in writing, to change the interest of the above-named beneficiaries in such manner as he shall see fit, but he shall not have the right to substitute any new or additional beneficiaries, provided, however, that if grantor has not exercised this power at the time of his death, then the beneficiaries hereinabove named shall be entitled to their interest as hereinabove provided."

The parties agree that the trust instrument as a whole " * * * manifests a clear and unequivocal intent to irrevocably renounce and surrender any right to change, revoke, alter, amend, or terminate the trust, except * * *" as Paragraph I(h) might permit.

■ The broad problem for determination is whether or not the provisions of a written instrument, probated following W. T. Cock's death as his last will and testament, constitute an exercise of the power W. T. Cock retained in Section I(h) to change the interest of some or all the trust beneficiaries. A clear understanding and grasp of the meaning of unambiguous Paragraph I(h) appears to be a necessary step in the solution of the problem.

What is the power reserved, when may the reserved power be exercised, and how may the execution of the power be evidenced? Giving the language used in the paragraph its common and ordinary meaning,[1] it appears the power retained by W. T. Cock is the right to change the interest each named beneficiary may take in trust property when the trust is executed. Equally apparent is the requirement that a change, if made, be evidenced by an instrument in writing. The last clause of the sentence constituting paragraph I(h), as well as the entire sentence, sets a requirement that W. T. Cock exercise this retained power prior to his death; that is, make the change during his lifetime. In this last respect, the language by repetition discloses a clear and positive direction that the power be executed, the change be made, while W. T. Cock is yet alive. This last provision makes it unmistakable that W. T. Cock's failure to exercise the retained power while living lets stand the trust instrument's specification of the interest each beneficiary takes. The retained power was designed to expire at Cock's death.

The body of W. T. Cock's probated will is as follows:

"That I, W. T. Cock, of Harrison County, Texas, being of sound and disposing mind and memory, and above the age of nineteen years, do make and publish this, my last will and testament, hereby revoking all wills and codicils by me heretofore made.

FIRST: I direct that all of my just debts shall be paid by my Executor hereinafter named, as soon as practical after my death.

SECOND: I direct that my body shall receive a Christianlike burial, suitable to my circumstances and conditions in life.

THIRD: I give, devise and bequeath all property not included in that certain Trust Agreement dated April 12, 1957, recorded Volume 491, Page 435, Deed Records, Harrison County, Texas, to my devoted friends and companions, R. B. Jay and Mary Edge Jay, jointly and in fee simple.

FOURTH: I give, devise and bequeath all of the property which is included as Trust No. 1 in that Trust Agreement dated April 12, 1957, recorded Volume 491, Page 435, Deed Records, Harrison County, Texas, to my niece, June Griffin, in fee simple.

FIFTH: I constitute and appoint The First National Bank, Marshall, Texas, Independent Executor of this, my last will and testament, without bond, and direct that no action be had in the probate court in relation to the settlement of my estate than the probating and recording of this, my last will and testament, and the return of statutory inventory, appraisement and list of claims of said estate, and all claims due or owing by me at the time of my death.

W. T. Cock,
Testator"

While the testator lives, a will is ambulatory and is intended to operate only upon and by reason of the testator's death; the written text of a will is inoperative and ineffectual to confer or convey a present right or interest during the lifetime of the maker.[2] It follows that the text of W. T. Cock's written will, considered as a will, can not direct a change, opera-

---

[1] For many of the rules that guide the interpretation of trust agreements see Wm. Buchanan Foundation v. Shepperd, Tex. Civ.App., 283 S.W.2d 325; (Reversed and remanded by agreement, 155 Tex. 406, 289 S.W.2d 553), and Cutrer v. Cutrer, 162 Tex. 166, 345 S.W.2d 513, 86 A.L.R.2d 105.

[2] Wills, 44 Tex.Jur., Secs. 2 & 6; 94 C.J.S. Wills §§ 127(2) and 128; 57 American Jurisprudence Sec. 15.

tive and effective during his lifetime, in the interest June Griffin should have in the trust property. However, the point is made that an instrument such as W. T. Cock's will may be of a dual character; testamentary in part, but operative in praesenti in other parts.[3]

The W. T. Cock's will must be analyzed to see if it may be construed as a script, an instrument in writing, operative in consonance with paragraph I(h) either at the date it was written, or at some date prior to W. T. Cock's death, and therein manifesting an intent to change to some extent before W. T. Cock's death the interest of the beneficiaries of Trust No. 1 as set out in the amended trust declaration.

The language of the first, but unnumbered, paragraph of the will shows a present intention to make a will as of the date of execution. The paragraph numbered FIRST discloses a direction by W. T. Cock to his executor requiring of the executor performance of an act following his, W. T. Cock's death; nothing is required of the executor prior to death. The paragraph numbered SECOND likewise directs a future act to be performed. It would be ludicrous to suggest that W. T. Cock directed or intended to direct that he be given a Christianlike burial before he died. The next two numbered paragraphs will be passed over for more detailed discussion later. Paragraph numbered FIFTH contemplates and expressly declares that the directions in the paragraph are to be executed after W. T. Cock's death.

Paragraph numbered THIRD and FOURTH use identical language except in the description of the property mentioned and the recipients thereof. No reason appears for not giving both a similar construction. Each paragraph begins with the words "I give". Standing alone, such words might suggest an act effective at the time the words were uttered. But "give", "devise", and "bequeath" are used in series and when considered in context with the language of the entire instrument the wording imports a testamentary purpose. As commonly understood the language used shows W. T. Cock intended the gift should be effective at his death and not before. It becomes unnecessary to decide whether the language used in paragraph numbered FOURTH would be sufficient to exercise the retained power if the instrument was not testamentary in character.

No escape may be found from the conclusion that the record does not contain an instrument in writing making or intending to make an effective change in the terms of the trust agreement in the respect under discussion during the lifetime of W. T. Cock.

■ General testimony of the principal lawyer employed by W. T. Cock in the preparation of the trust intrument and will was offered for the purpose of showing the interpretation W. T. Cock placed upon the instruments and to aid the trial court in determining the trustor's intentions. The following questions and answers epitomizes the testimony:

"Q. And Mr. Cock and you both interpreted that [paragraph I(h)] to mean that he had power to do

---

3. Such instruments are treated in 94 C.J.S. Wills § 165, p. 963, where it is said:

"While ordinarily the same instrument cannot operate both as a will and as some other transfer of property, it sometimes happens that an instrument is so drawn that part of its provisions may be sustained as a will and the remainder, relating to another distinct subject matter, as another instrument, as, for example, a contract or a deed. To have

this effect it must employ variant and distinct terms in reference to different pieces of property, clearly indicating the intent to give the instrument a testamentary effect as to one and a present operation as to the other. It is obvious that an instrument cannot operate both as a will and a deed with respect to the same property. Neither can the same instrument be both a contract and a will as to the same property."

that by an instrument in writing, did you not? (Interpolation supplied).

"A. Yes.

"Q. And a Will would satisfy that requirement?

"A. Yes."

The evidence offered is not probative of W. T. Cock's intentions. It is the witness's statement of his own understanding and his opinion of the interpretation that Mr. Cock placed on both paragraph I(h) and his will. Assuming evidence of W. T. Cock's interpretation was admissible, none was offered to show any expression from W. T. Cock that would indicate he thought the language of Paragraph I(h) would permit a change to be made by will. The only circumstance showing that he may have so interpreted the trust instrument is his attempt by will to devise the property in Trust No. 1 to June Cock Griffin. In this connection, the fact that the trust instrument in its present form is a part of a decree entered in the District Court of Harrison County, at the termination of litigation in which W. T. Cock and the beneficiaries constituted the parties, vitiates any argument that W. T. Cock's will has force as a practical construction by him that the trust provisions might be changed in this manner. The effort to change the trust by will is more precisely a unilateral interpretation of the trust instrument that clashes with its specific language, an interpretation made without the concurrence of the parties affected thereby. Effect cannot be given to the implied interpretation.[4]

The judgment of the trial court will be reversed. However, to meet the requirements of law, the case is remanded with instruction that the trial court enter judgment consistent with this opinion, order the trustee to proceed with an accounting, and to supply, if needed, supervision and direction as contemplated by Vernon's Ann. Civ.St. Art. 7425b–24 and other applicable law in winding up the affairs of the trust. Without impinging on any parties' right to disagree with and appeal from the judgment that may be entered in this court all parties are solicited to suggest in writing the specific terms of a judgment, consistent with the views expressed, to be entered here.

---

4. 2 Texas Law of Evidence (McCormick and Ray), Sec. 1682, p. 519.