Clifton Wayne **SANDERSON**, Appellant,

v.

Annie Eva **AUBREY**, Appellee.

No. 17248.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 8, 1971.

Rehearing Denied Nov. 5, 1971.

E. G. Jones, Bowie, and Ernest May, Fort Worth, for appellant.

Renne Allred, Jr., Bowie, for appellee.

## OPINION

MASSEY, Chief Justice.

The question posed by the instant appeal is whether the attempted revocation of a trust was effective. Holding that such was effective, judgment is affirmed.

In Texas "Every trust shall be revocable by the trustor during his lifetime, unless expressly made irrevocable by the terms of the instrument creating the same or by a supplement or amendment thereto." Vernon's Ann.Civ.St., Title 125A, and "The Texas Trust Act", Art. 7425b et seq., specifically Sec. 41, "Revocable unless expressly made irrevocable".

Restatement of the Law, Trusts, and under Chapter 10, "The Termination and Modification of the Trust", Sec. 330, "Revocation of Trust by Settlor", Subsection (i), "Where no method of revocation specified", contains language as follows:

"If the settlor reserves a power to revoke the trust but does not specify any mode of revocation, the power can be exercised in any manner which sufficiently

manifests the intention of the settlor to revoke the trust.

"Any definitive manifestation by the settlor of his intention that the trust should be forthwith revoked is sufficient. * * * It is not necessary, however, that the communication should be received by the trustee. * * *

"A revocation may be effective even though the settlor does not attempt to communicate his decision to the trustee. * *

"* * *

"Even though the settlor has revoked the trust, the trustee incurs no liability for acts done by him in accordance with the terms of the trust before he receives notice of the revocation. *A beneficiary, however, who has received the trust property after the trust has been revoked will not be permitted to retain the property merely because neither he nor the trustee had notice of the revocation of the trust when he received the property.*" (Emphasis supplied.)

See also 18 A.L.R.2d, p. 1010, Annotation: "Exercise by will of trustor's reserved power to revoke or modify inter vivos trust"; Restatement of the Law, Trusts, in the previously cited Chapter 10, Sec. 330, the discussion under Subsection (e), "Where creation of trust incomplete", and under Chapter 2, "Creation of A Trust", Section 57, "Disposition Inter Vivos Where Settlor Reserves Power to Revoke, Modify or Control". See also the discussion at Section 58 under the "Comment" on Subsection (1) thereof at (b) "Revocation of tentative trust". Though not directly upon the matter to be resolved on appeal language found in these authorities is informative and worthy of attention.

*Factual background:* A Mrs. Lucas was the settlor. She died, testate, in September, 1969. In May, 1954, she conveyed the real estate interest in question to a Mr. Eskridge, trustee, to hold the same in trust for her grandson during his minority—to be conveyed to him upon becoming 21 years of age. (This grandson is the appellant who received an adverse ruling in the trial court.) In July, 1965, Mrs. Lucas made her will. On the theory that the *inter vivos* trust instrument of May, 1954, was of testamentary character and might be revoked by her will she provided in the body of the will, by reference to it, that: "This instrument is specifically included in the revocation clause above (where she had revoked all prior wills, etc.), *and same is now formally revoked* because the beneficiary of said instrument * * * has been a bitter disappointment to me. * *" (Emphasis supplied.)

There was no publication of the will. Only the settlor and her attorney knew of it. No notice of revocation by any means was conveyed to either the trustee or the *cestui que trust,* the latter individual being the appellant grandson of the settlor. In September, 1969, Mrs. Lucas died. Later in that same September the trustee executed an instrument conveying his interest in the subject realty to the appellant, he having reached the age of 21 years. Mrs. Lucas' will, having never been revoked, was admitted to probate in March, 1970. By it Annie Eva Aubrey, the appellee, was granted that same interest in realty which had been the subject of the trust. By this there was a first publication of the will and the revocation of trust recited therein. The trustee and the appellant (trust beneficiary) received their first notice that there had been a revocation of the trust in consequence of this publication.

■ We are not troubled with the fact that Mrs. Lucas, when she made her will, erroneously deemed the trust to have been of testamentary character, and, in consequence, one which by her 1965 will she could properly revoke. What we are concerned with is whether the trust revocation language in such will—which will could not have effect as such until the date of her death—operated and was immediately effective as a revocation of the trust. Concededly, if either the trustee or the settlor's grandson had received notice thereof by a copy of the will or by information other-

wise there would have been an effective revocation.

The situation is not to be distinguished from one hypothesized, wherein among the effects of Mrs. Lucas found after her death in September, 1969, a written instrument was discovered wherein she had written to the effect that the *inter vivos* trust created for the benefit of the appellant in May, 1954, "is now formally revoked".

Our holding is that there would be an effective revocation. Here, in view of the express written language of Mrs. Lucas, as settlor, there was evidenced a "definitive manifestation" of like revocation as of the date she signed her instrument of will in July, 1965. The language of revocation appearing as part of her will was not testamentary in its operation or effect so as to become effective later on and as of the date of her death, but actually became effective on the date of the will (July, 1965). Since as of the time of her signatory action the trust had been extinguished the property "reverted" to her so that she could dispose of it by will. In view of her will it became the property of the appellee, Annie Eva Aubrey, upon her death in September, 1969.

Appellant's attorney concedes that there is no Texas authority decisive of the point. However, there is pertinent *dicta* in a case cited, Appling v. Jay, 390 S.W.2d 799 (Texarkana, Tex.Civ.App., 1965, writ ref., n. r. e.), in language under syllabus No. 3 (on page 802). The court observed that an instrument such as the will under consideration might have a dual character, i. e. be testamentary in part, but operative *in praesenti* in other parts. (Citing 94 C.J.S. Wills § 165, p. 963.)

Under the citation from Corpus Juris Secundum is to be found the case of First National Bank of Cincinnati v. Oppenheimer, 190 N.E.2d 70 (Ohio Probate Court, Hamilton County, 1963) which is in accord. Therein by the exact test applicable under the aforementioned provisions of the Restatement, altered in accord with necessity by reason of a method of revocation speci-

fied, was a test made of the efficacy of the revocation under consideration by the Ohio Court.

We have concluded that proper disposition of the appeal should be likewise determined. Thereby is demonstrated the appellee's right to prevail.

Supplying additional logic for our conclusion are principles of law applicable to wills. When an original will has been made and there is a subsequent will executed upon declaration therein contained that "all wills by me heretofore made are revoked", the revocation of the prior will takes effect *in praesenti* as of the time the new will is executed. Should said new will be revoked or annulled by a subsequently executed instrument or by the testator's intentional destruction of it the will which had been earlier revoked would not be reinstated in consequence. Indeed, if there should occur a death of such a person it would be correct to say that he had died intestate, because no former will which had been revoked could be said to have become revived. 61 Tex.Jur.2d, p. 209, "Wills", Sec. 95, "Recission of revoking instrument as revival of prior will."

Judgment is affirmed.