In the Matter of Annie B.
ROGERS, Deceased.

No. 12–93–00064–CV.

Court of Appeals of Texas,
Tyler.

Sept. 30, 1994.

Order Overruling Motion for
Rehearing Dec. 29, 1994.

Brendan J. Doran, Palestine, for appellant.

Stephen Evans, Palestine, for appellee.

RAMEY, Chief Justice.

This appeal is from a bench trial judgment in favor of a will contestant in which the trial court ruled that a 1959 document was not a valid testamentary instrument, thus necessitating the administration of an estate under the laws of intestate succession. Dollie R. Shelton, decedent's sister, had offered Annie B. Rogers's purported 1959 holographic will as a muniment of title; it was admitted to probate on March 2, 1992. Subsequently, decedent's nephew, Raymond Rogers, filed an action contending that Annie B. Rogers had died intestate and seeking a declaration that a 1988 handwritten document and/or a 1989 typed and handwritten document had revoked the 1959 will. We will affirm the trial court judgment.

The evidence in this record consisted of several stipulations of the parties which included copies of the three pertinent instruments. The relevant stipulations were:

- That the holographic will of Annie B. Rogers, Deceased, dated July 14, 1959, admitted to probate on March 2, 1992, in Cause No. 11,505 is the Last Will and Testament of Annie B. Rogers unless it had been revoked or lacked sufficient testamentary language.
- That if the holographic Will admitted to probate on March 2, 1992, was revoked, it was revoked either by a handwritten instrument dated both July 25, 1988 and July 22, 1988, or a typed instrument bearing numerous dates, the earliest of which is September 11, 1989.
- That the order of creation of the three relevant documents is as follows:

   a. First, the holographic Will, dated July 14, 1959 ("1959 document") admitted to probate on March 2, 1992;

   b. Second, the handwritten document dated July 22, 1988, and July 25, 1988 ("1988 document"); and

   c. Third, the typed instrument the earliest date of which was September 11, 1989 ("1989 document").

- That at the time of the making of each of the documents described immediately above, Annie B. Rogers possessed testamentary capacity.
- That each of the documents described in the immediately preceding paragraph is admissible in evidence in this proceeding for the purpose of determining the question of revocation.
- That neither the 1988 or 1989 document is a valid testamentary instrument. Specifically, the handwritten 1988 instrument contains numerous interlineations in the handwriting of persons other than Annie B. Rogers. However, the parties reserve as a contested issue whether this document was executed with "like formalities" as required by § 63 of the Texas Probate Code. The typed 1989 instrument does not meet the formal requirements of the Texas Probate Code for testamentary or any other purpose.

The Judgment vacating its prior order admitting the 1959 document to probate as a muniment of title and declaring that Annie B. Rogers' estate would pass by intestacy was signed on December 2, 1992. Thereafter, the trial court made its Findings of Fact and Conclusions of Law, the pertinent recitations being:

- True and correct copies of all three instruments were received into evidence.
- The 1959 document "was not, in and of itself, a valid testamentary instrument, for the purposes of admission into probate, as a muniment of title, or estate administration or distribution;"
- The 1959 document was revoked by both the 1988 and 1989 documents.
- Annie B. Rogers died intestate.

In this appeal Shelton asserts that the evidence was insufficient, legally and factually, to support three trial court findings and conclusions that: (1) the 1959 will was not a valid testamentary instrument; (2) the 1959 will was revoked by the 1988 document; and (3) the 1959 will was revoked by the 1989 document.

▪▪▪ The trial court's findings of fact and conclusions are reviewable for legal and

factual sufficiency by the same standards applied in reviewing the evidence supporting a jury's answer. *Watson v. Dingler,* 831 S.W.2d 834, 837 (Tex.App.—Houston [14th Dist.] 1992, writ denied). In a no evidence point, only evidence and inferences that support the challenged finding will be considered, and all contrary evidence and inferences will be disregarded. *Id.* In a factual insufficiency point of error, all of the evidence will be considered and the finding will be set aside only if the evidence is so weak or the finding so against the overwhelming weight of the evidence that it is clearly wrong and unjust. *Id.*

■ Shelton's first two points address the insufficiency of the evidence to support the trial court's conclusion that the 1959 handwritten document was not a valid testamentary disposition; this handwritten instrument states:

Codicil to my last will July 14, 1959

It is my will and desire that in event of my death and my sister Jewel Rogers death (both of us) that all my property both personal and real money in banks, bonds and notes any and all interests pass to my two sisters namely

(1) Mrs Novie Rogers Stanaland

2518 Morrow—Waco Texas

(2) Mrs Horace W. Shelton

809 Fowler, Palestine Texas

This property is to be equally divided among these two sisters with exception of $100.00 to go to Mexican Missions through Orvil W. Keel Fr. Baptist church as donor

Signed

Annie B. Rogers

My personal

Handwriting

We hold that the decedent's use of the terms "[it] is my will and desire that in the event of my death ... any and all interests pass ..." is expressive of the decedent's testamentary intent. The use of the phrase "my will and desire" has been construed to be mandatory testamentary language. *Thomasson v. Kirk,* 859 S.W.2d 493, 495 (Tex.App.—Houston [14th Dist.] 1993, writ

denied); *Woods v. Wedgeworth,* 453 S.W.2d 385, 388–389 (Tex.App.—El Paso 1970, no writ); *McMurray v. Stanley,* 69 Tex. 227, 6 S.W. 412, 414 (1887). "Codicil", the name ascribed to the instrument by the decedent, is itself not controlling as to whether it was a will. *Preston v. Preston,* 617 S.W.2d 841, 844 (Tex.Civ.App.—Amarillo 1981, writ ref'd. n.r.e.); *Hinson v. Hinson,* 154 Tex. 561, 280 S.W.2d 731, 733 (1955). The silence of the record as to the existence of an attendant will, if any, is not fatal inasmuch as the subject 1959 document makes disposition of the decedent's entire estate. We hold that there is no evidence to support the trial court's conclusion that the 1959 document was not a valid testamentary instrument. Shelton's first point of error is sustained.

■ The remaining four points of error pertain to the insufficiency of the evidence to support the trial court's findings and conclusions that the 1959 holographic instrument, even if a valid will, was revoked by the 1988 and/or 1989 documents. As stated, the parties stipulated that the 1988 and 1989 documents were not valid testamentary instruments but were admitted for the limited purpose of making a determination of the revocation issue. An instrument not admitted to probate may nevertheless operate as an instrument of revocation. *Lisby v. Richardson,* 623 S.W.2d 448, 451 (Tex.App.—Texarkana 1981, no writ); *Chambers v. Chambers,* 542 S.W.2d 901, 905 (Tex.Civ.App.—Dallas 1976, no writ). A written will may only be revoked by a subsequent will, codicil or declaration in writing which was executed with the "like formalities" of a valid testamentary instrument. Tex.Prob.Code Ann. § 63 (Vernon 1955).

First, it is noted that the parties stipulated that "[t]he typed *1989* document does not meet the *formal requirements* of the Texas Probate Code for testamentary or any other purposes". We are therefore constrained to hold that that instrument did not conform to the "like formalities" requirement of the Probate Code; thus the 1989 document did not revoke the 1959 will. (emphasis added) Shelton's fifth point of error is sustained.

■ The remaining question is whether the *1988* document revoked the 1959 will. Initially, it is noted that the 1988 document expressly recited that it did revoke all prior wills and codicils. The issue of whether a revoking will is executed with like formalities is ordinarily a question of fact to be determined by the fact finder. *May v. Brown*, 144 Tex. 350, 190 S.W.2d 715, 718 (1945); *Baptist Foundation of Texas v. Buchanan*, 291 S.W.2d 464, 472 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.). In addition to the recitation of two dates on the 1988 instrument, the stipulated defect in that document was that it "contains numerous interlineations in the handwriting of persons other than Annie B. Rogers".

The court was apprised that the parties agreed that this stipulated 1988 document is a true and correct copy of an original instrument. It is a seven page handwritten instrument, entitled "Last Will and Testament of Annie B. Rogers—Dated—July 25, 1988"; it was drafted with the traditional recitations of a testamentary instrument. The purported signature of Annie B. Rogers at the end of the document appears to be in the same handwriting as the contents of the instrument, excepting the interlineations. Although the instrument is handwritten, there are signatures of two witnesses to its execution.[1] A further significant stipulation of the parties was that at the time of the making of the 1988 document "that Annie B. Rogers possessed testamentary capacity".

■ With respect to the stipulated "interlineations" defect in the 1988 document, the trial court could have concluded that the 1988 holographic instrument was executed prior to the inscription of any interlineations. The revocation of a will takes effect at the time the subsequent will is executed; though the new will be annulled for any reason, the will which had been earlier revoked is not reinstated. *Sanderson v. Aubrey*, 472 S.W.2d 286, 288 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.). Despite the dearth of proof of the circumstances of the execution of the 1988 document, we are unable to disturb the trial court's finding that the 1988 document revoked the 1959 holographic will. Shelton's

third and fourth points of error are overruled.

The judgment of the trial court is affirmed.

## OPINION ON REHEARING

The Appellant, Dollie R. Shelton, in her motion for re-hearing, challenges our affirmance of the opinion below on the basis that there was no evidence that any part of the 1988 document was in the handwriting of Annie B. Rogers. We find this contention without merit.

■ Points of error not raised in a party's appeal cannot be raised for the first time on rehearing. *Story Services, Inc. v. Ramirez*, 863 S.W.2d 491, 505–06 (Tex. App.—El Paso 1993, writ denied). Though Shelton contended in her brief that there was no evidence supporting the trial court's finding that the 1988 document effected a revocation of the earlier instrument, her argument for this position was that

1) "the document was not wholly in the handwriting of Annie B. Rogers," and therefore not capable of being probated as a holographic will, and,

2) there was neither an attestation clause nor any other of a number of enumerated requirements needed to make effective the will as a duly witnessed document.

At no point did Shelton specifically urge that the error in the judgment below was that Appellee Raymond Rogers failed to provide evidence that that portion of the document purporting to be in Annie Roger's handwriting was, in fact, Annie Roger's handwriting. Such contention cannot be raised on Motion for Rehearing for the first time.

Furthermore, it appears from this record that all counsel stipulated that the 1988 document was a holographic will, which, however, was not a valid testamentary instrument because it contained interlineations by an undisclosed third party. As stated above, Shelton's contention that "the document was not wholly in the handwriting of Annie B. Rogers" implicitly supplies probative evidence

---

1. There is a third signature at the bottom of the document which may be that of a third witness.

that the testator drafted the 1988 document revoking the 1959 will.

The motion for re-hearing is overruled.