TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00656-CV






Fred A. Hildebrand, Jr. and Wilma Hildebrand, Appellants



v.



Brim, Arnett & Robinett, P.C., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 98-04533, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







 Appellants Fred A. Hildebrand, Jr. and Wilma Hildebrand sued appellee Brim,
Arnett & Robinett, P.C. (hereinafter "Brim") on theories of breach of a trust agreement, breach
of contract, and breach of an escrow agreement. Both parties filed motions for summary
judgment; the trial court granted Brim's motion and denied the Hildebrands' motion. We will
affirm.


THE CONTROVERSY



 This lawsuit stems from a dispute between the Hildebrands and a third party,
Consolidated GMP, Inc., over the terms of a sale of cattle by the Hildebrands to Consolidated. 
In an attempt to facilitate an agreement, Consolidated proposed that it forward $25,000 to John
Morehead, counsel for the Hildebrands, to be held in trust and to be released to the Hildebrands
upon certain conditions being met. Morehead agreed to hold the funds as trustee for the benefit
of the Hildebrands; nonetheless, shortly thereafter the Hildebrands filed suit in United States
District Court, complaining they had not been paid for the cattle. (1)

 Following the filing of the federal suit, Consolidated directed Morehead to transfer
the trust funds to Brim, counsel for Consolidated. Morehead complied. On Consolidated's
instruction, Brim then disbursed the funds to parties other than the Hildebrands.

 The Hildebrands filed the instant suit against Brim for breach of a trust agreement,
breach of contract, and breach of an escrow agreement, arguing that the funds were still trust
funds, which Brim had a duty not to disburse. The parties filed cross-motions for summary
judgment; the trial court granted Brim's motion and denied the Hildebrands' motion. (2)


DISCUSSION



Standard of Review


 The parties do not dispute the facts material to this case. The propriety of summary
judgment is a question of law. See Natividad v. Alexsis Inc., 875 S.W.2d 695, 699 (Tex. 1994). 
We review the trial court's decision de novo to determine whether Brim was entitled to judgment
as a matter of law. See id.; Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). In granting summary judgment in favor of Brim, the trial court did not specify the
basis for its ruling; thus, the summary judgment may be affirmed on any ground presented by
Brim to the trial court in its motion. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625
(Tex. 1996). Because both parties have filed motions for summary judgment, and one was granted
and the other denied, we must review the summary judgment evidence presented by both sides,
determine all questions presented, and render such judgment as the trial court should have
rendered. See Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).


The Trust


 The parties agree that a trust was created by certain correspondence between
Consolidated and Morehead, with the Hildebrands as beneficiaries and Consolidated as settlor. 
In the first letter, Consolidated informed Morehead of its "intention to set up a trust account with
your firm and to transfer monies which will be used to pay down the outstanding amounts with
Mr. Fred Hildebrand." This letter also indicated that, as a condition precedent to the release of
the trust funds, the Hildebrands must provide Consolidated with cattle registration papers. 
Morehead agreed to "hold [the] money in our Trust Account subject to any reasonable conditions
which accompany the money--If we cannot accept the conditions we will return the money."

 In its letter forwarding the $25,000 to Morehead as trustee, Consolidated reiterated
that the funds could not be released without its authorization. Morehead acknowledged receipt of
the funds, and agreed to "hold this money subject to your further instructions." Morehead also
informed Consolidated that, based on recently received information, the Hildebrands had no
intention of providing the registration papers.

 Following the Hildebrands' filing suit in federal court, Consolidated directed
Morehead, by letter dated November 28 (the "November letter") to forward the trust funds to
Brim, its Texas counsel. Brim then disbursed the funds to third parties per Consolidated's
instructions.

 The Hildebrands contend that Brim had a duty to refrain from disbursing the trust
funds, even at the direction of its client, Consolidated. The Hildebrands argue that they had vested
legal rights to the $25,000 trust corpus; that the trust remained intact following the transfer of the
funds to Brim, with Brim merely acting as the substitute trustee; and that Brim was on notice of
the Hildebrands' vested rights when it improperly disbursed the funds to third parties. Brim
counters that the Hildebrands never had "vested rights" to the trust corpus, but contends that even
if they did, the November letter revoked the trust, eliminating any possible rights. The
Hildebrands concede in their brief to this Court that if their alleged vested rights in the $25,000
were terminated by the November letter, Brim must prevail in this appeal. We will assume,
without deciding, that the Hildebrands had a vested right in the trust funds prior to the November
letter, and will turn our attention to whether the trust was revoked.


Revocation


 All express trusts created in Texas are revocable by the settlor unless the trust is
made irrevocable by the express terms of the trust-creating instrument. See Tex. Prop. Code Ann.
§ 112.051 (West 1995). Here, the correspondence between the parties does not in any way
indicate the trust was irrevocable.

 Brim argues that the November letter was a specific written directive by
Consolidated revoking the trust and ordering Morehead, as trustee, to return the trust funds to the
settlor in conformance with the termination. Once the trust was revoked, the trust property
reverted to the settlor, and the Hildebrands lost any interest in the trust funds they may have had.

 Because of the importance of the November letter to the outcome of this appeal, we
quote it in its entirety.


With respect to our letter of September 19 and our deposit of $25,000 USD into
your trust account. Please be advised that we have retained council [sic] in Texas
and wish to have these funds transferred to his trust account immediately.


Please consider this letter as direction under the conditions of our trust with you to
pass these funds together with interest to the attention of Mr. John Judge at Rim
[sic] Arnett & Judge.


 Revocation of a trust may be accomplished by the settlor through any manner that
manifests the intention to revoke the trust. See Sanderson v. Aubrey, 472 S.W.2d 286-87 (Tex.
Civ. App.--Fort Worth 1971, writ ref'd n.r.e.) (citing Restatement (Second) of Trusts § 330) ("If
the settlor reserves a power to revoke the trust . . . the power can be exercised in any manner
which sufficiently manifests the intention of the settlor to revoke the trust. Any definitive
manifestation by the settlor of his intention that the trust should be forthwith revoked is
sufficient."). Key in determining whether a trust has been revoked is whether the instrument in
question "manifests" the intent to revoke. See Runyan v. Mullins, 864 S.W.2d 785, 789 (Tex.
App.--Fort Worth 1993, writ denied) (letter did not "manifest" intent to revoke trust); Jameson
v. Bain, 693 S.W.2d 676, 681 (Tex. App.--San Antonio 1985, no writ) (instrument did not
contain "definitive manifestation" to revoke trust). As previously noted by this Court:

Where no procedure for termination is stated in the trust instrument, any reasonable
method may be used.


The instrument claimed to be in exercise of the power of revocation must show an
intent to use the power, although it need not necessarily refer expressly to the
power.


Revocation may be held to have occurred by means of a conveyance by the settlor
to a third person that covers the trust property.



Starcrest Trust v. Berry, 926 S.W.2d 343, 353 (Tex. App.--Austin 1996, no writ) (quoting
George Gleason Bogert, The Law of Trusts and Trustees § 1001 (rev. 2d ed. 1983)).

 Placed in perspective by the surrounding circumstances, the November letter clearly
manifested Consolidated's intention to revoke the trust arrangement at issue. The summary
judgment evidence shows that the trust was initially created as a means of amicably settling the
dispute regarding the cattle sale. As a condition precedent to the release of the trust corpus, the
Hildebrands were to provide Consolidated with registration papers for the cattle. Although
Morehead, as trustee, accepted the trust funds, shortly thereafter he candidly informed
Consolidated that the Hildebrands had no intention of releasing the registration papers. 
Furthermore, the Hildebrands proceeded to file suit in federal court against Consolidated. It was
in this context that Consolidated, the settlor, directed Morehead to send the funds to its attorneys. 
In reclaiming the funds for itself, Consolidated employed a perfectly reasonable method by which
to manifest its intention to exercise its revocation power, particularly since the purpose of the
trust--to encourage a settlement--had clearly failed.

 We conclude that the November letter demonstrated as a matter of law
Consolidate's intention to revoke the trust at issue. Because the trust was revoked, Brim did not
become a substitute trustee; accordingly, Brim was entitled to summary judgment on the
Hildebrands' theory that Brim breached a trust agreement.


Alternative Theories


 The Hildebrands urge this Court to find they had a perfected security interest in the
trust funds prior to the transfer to Brim, thus negating Brim's revocation argument. This theory
was not raised before the trial court either in a motion for summary judgment filed by the
Hildebrands or in any response to Brim's motion for summary judgment; accordingly, this
argument may not be considered on appeal as grounds for reversal. See Tex. R. Civ. P. 166a(c);
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993).

 Similarly, in their reply brief before this Court, the Hildebrands present several
additional alternative arguments. None of these theories was raised before the trial court by
motion for summary judgment or by any response to Brim's summary judgment motion; as a
result, these arguments may not be considered on appeal as grounds for reversal. See Tex. R.
Civ. P. 166a(c). We also note that the Hildebrands failed to raise these arguments in their initial
brief to this Court, and that they are not responsive to any argument made by Brim in its brief to
this Court. See Tex. R. App. P. 38.3.

CONCLUSION



 Because we hold that the trust created by Consolidated was revoked as a matter of
law prior to Brim's disbursal of the trust corpus, the trial court properly granted summary
judgment in favor of Brim. The judgment is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: August 12, 1999

Do Not Publish

1. Suit was filed in the United States District Court for the Western District of Texas, Austin
Division, Cause No. A-95-CA-668.
2. In their motion for summary judgment, the Hildebrands argued they should prevail on each
of their pleaded theories: breach of a trust agreement, breach of contract, and breach of an escrow
agreement. On appeal, the Hildebrands challenge only the trial court's judgment as to their cause
of action for breach of a trust agreement. The remaining two theories are thus not at issue in this
appeal.


thod may be used.


The instrument claimed to be in exercise of the power of revocation must show an
intent to use the power, although it need not necessarily refer expressly to the
power.


Revocation may be held to have occurred by means of a conveyance by the settlor
to a third person that covers the trust property.



Starcrest Trust v. Berry, 926 S.W.2d 343, 353 (Tex. App.--Austin 1996, no writ) (quoting
George Gleason Bogert, The Law of Trusts and Trustees § 1001 (rev. 2d ed. 1983)).

 Placed in perspective by the surrounding circumstances, the November letter clearly
manifested Consolidated's intention to revoke the trust arrangement at issue. The summary
judgment evidence shows that the trust was initially created as a means of amicably settling the
dispute regarding the cattle sale. As a condition precedent to the release of the trust corpus, the
Hildebrands were to provide Consolidated with registration papers for the cattle. Although
Morehead, as trustee, accepted the trust funds, shortly thereafter he candidly informed
Consolidated that the Hildebrands had no intention of releasing the registration papers. 
Furthermore, the Hildebrands proceeded to file suit in federal court against Consolidated. It was
in this context that Consolidated, the settlor, directed Morehead to send the funds to its attorneys. 
In reclaiming the funds for itself, Consolidated employed a perfectly reasonable method by which
to manifest its intention to exercise its revocation power, particularly since the purpose of the
trust--to encourage a settlement--had clearly failed.

 We conclude that the November letter demonstrated as a matter of law
Consolidate's intention to revoke the trust at issue. Because the trust was revoked, Brim did not
become a substitute trustee; accordingly, Brim was entitled to summary judgment on the
Hildebrands' theory that Brim breached a trust agreement.


Alternative Theories


 The Hildebrands urge this Court to find they had a perfected security interest in the
trust funds prior to the transfer to Brim, thus negating Brim's revocation argument. This theory
was not raised before the trial court either in a motion for summary judgment filed by the
Hildebrands or in any response to Brim's motion for summary judgment; accordingly, this
argument may not be considered on appeal as grounds for reversal. See Tex. R. Civ. P. 166a(c);
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993).

 Similarly, in their reply brief before this Court, the Hildebrands present several
additional alternative arguments. None of these theories was raised before the trial court by
motion for summary judgment or by any response to Brim's summary judgment motion; as a
result, these arguments may not be considered on appeal as grounds for reversal. See Tex. R.
Civ. P. 166a(c). We also note that the Hildebrands failed to raise these arguments in their initial
brief to this Court, and that they are not responsive to any argument made by Brim in its brief to
this Court. See Tex. R. App. P. 38.3.

CONCLUSION



 Because we hold that the trust created by Consolidated was revoked as a matter of
law prior to Brim's disbursal of the trust corpus, the trial court properly granted summary
judgment in favor of Brim. The judgment is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affi